**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4264**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN GLASGOW, a/k/a Buju,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:15-cr-00222-LO-1)

Submitted: December 30, 2016          Decided: January 11, 2017

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alvin Glasgow, Appellant Pro Se. Rebeca Hidalgo Bellows, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Glasgow appeals his convictions for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (2012) (Count 1); three counts of distribution of controlled substances, in violation of 21 U.S.C. § 841 (2012) (Counts 2, 3, and 4); five counts of possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (2012) (Counts 5, 8, 9, 10, and 14); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2012) (Count 25). He contends that (1) he was entrapped; (2) the Government violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding information that one of his coconspirators, Elijah Jamal Mayson, was actually an informant; (3) the Government committed prosecutorial misconduct by failing to inform the jury that Mayson was an informant; (4) the indictment was defective because it failed to allege that Mayson was an informant; (5) the district court improperly directed a verdict against Glasgow through an improper jury instruction; and (6) his counsel provided ineffective assistance. We affirm.

We review de novo the sufficiency of the evidence supporting a conviction. United States v. Barefoot, 754 F.3d 226, 233 (4th Cir. 2014). We will uphold a conviction if, viewing the evidence in the light most favorable to the Government, "any rational trier of fact could have found the essential elements of the crime

2

charged beyond a reasonable doubt." Id. (internal quotation marks omitted).

"Entrapment is an affirmative defense consisting of two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." United States v. McLaurin, 764 F.3d 372, 379 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1842 (2015), and sub nom. Lowery v. United States, 135 S. Ct. 1843 (2015). The defendant bears the "initial burden of presenting evidence that the government induced him to commit the crime." United States v. Jones, 976 F.2d 176, 179 (4th Cir. 1992). Once the defendant has done so, the burden shifts to the government to establish the defendant's predisposition beyond a reasonable doubt. Id. Thus, even if the government did induce a defendant to commit a crime, the defense of entrapment fails if the government can prove predisposition. United States v. Squillacote, 221 F.3d 542, 569 (4th Cir. 2000).

Glasgow contends that he was entrapped as a matter of law. In particular, he argues that Mayson was actually a government informant, and thus, the Government was required to prove Glasgow's predisposition based on events occurring before Glasgow met with Mayson. However, our review of the record convinces us that there is simply no evidence that Mayson was an informant. Consequently, it was not improper for the district court to point to the

3

undercover law enforcement agent's meeting with Mayson and Glasgow on October 20, 2010, in ruling that Glasgow was not induced by the Government, and that Glasgow was predisposed to commit the charged offenses. During that meeting, Glasgow provided Ecstasy pills to the undercover agent and proposed importing cocaine from Guyana. In numerous other meetings, Glasgow continued to deal contraband and discuss his plan to import cocaine from Guyana. The undercover agent testified that he discussed his willingness to accept cash numerous times with Glasgow. However, Glasgow continued to offer drugs or firearms in exchange. This evidence shows both that Glasgow was not induced and that he was predisposed.

Therefore, in light of the record, we conclude a reasonable juror could find that Mayson was not an informant, see Barefoot, 754 F.3d at 233, and Glasgow was not entrapped as a matter of law, see McLaurin, 764 F.3d at 379.

Next, we review for plain error a Brady claim not raised in the district court. United States v. Catone, 769 F.3d 866, 871 (4th Cir. 2014). Glasgow contends that the Government violated Brady by withholding information that Mayson was an informant. However, there is no support for the assertion that Mayson was an informant, and thus, there was no Brady violation.

We review for plain error a claim of prosecutorial misconduct not raised in the district court. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Glasgow argues that the Government

committed prosecutorial misconduct by failing to correct Mayson's statement before the jury that his only agreement with the Government was his plea agreement, which Glasgow contends is false because Mayson had another agreement with the Government by acting as an informant.  As explained above, the record does not support the claim that Mayson was an informant, and thus, the Government did not commit prosecutorial misconduct.

We review for plain error a claim of a fatally defective indictment not raised in the district court.  United States v. Rendelman, 641 F.3d 36, 43 (4th Cir. 2011).  Glasgow contends that the indictment is defective because it failed to allege that Mayson was an informant.  Again, because the record does not show that Mayson was an informant, the indictment is not defective.

We review challenges to jury instructions for an abuse of discretion, "bearing in mind that a trial court has broad discretion in framing its instructions to a jury."  Gentry v. E. W. Partners Club Mgmt. Co., 816 F.3d 228, 233 (4th Cir. 2016) (internal quotation marks omitted).  We review de novo a claim that the jury instructions incorrectly stated the law.  Id.

Glasgow contends that the district court directed a verdict against him by giving an improper definition of "solicitation" for purposes of his entrapment defense.  The portion of the jury instruction to which Glasgow points reads, "Solicitation by itself is not the kind of conduct that would persuade an otherwise

5

innocent person to commit a crime." This sentence was taken from United States v. Sligh, 142 F.3d 761, 763 (4th Cir. 1998), which remains controlling authority in this Circuit. Thus, Glasgow's claim fails.

Finally, a prisoner "may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) (alteration and ellipsis omitted). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively establish the alleged grounds for Glasgow's claim, Glasgow does not meet this demanding standard. This claim should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the judgment of the district court. Glasgow's motions for summary reversal, to expedite decision, and for judicial notice of adjudicative facts are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED